1
2
3
4              IN THE UNITED STATES DISTRICT COURT
5                FOR THE DISTRICT OF ARIZONA
6
7   MURRAY ALLEN WOODWORTH,        )
                                   )
8              Petitioner,         )   No.   CV 10-520-TUC-CKJ (BPV)
    vs.                            )
9                                  )
                                   )   **REPORT AND**
10  WARDEN APKER,                  )   **RECOMMENDATION**
                                   )
11             Respondent.         )
    _____)

12
13         Pending before the Court is an Amended Petition for Writ of Habeas Corpus
14  pursuant to 28 U.S.C. § 2241 ("Amended Petition"). (Doc. 4) Petitioner, Murray Allen
15  Woodworth, alleges that the Federal Bureau of Prisons ("BOP") does not have the
    authority to "extort money from [Petitoner's' accou[n]t without the amount and timing
16  being set by [t]he District Court of conviction." Petitioner has also filed a
17  "Supplemental Brief" (Doc. 8) and Traverse (Doc. 15).  On May 13, 2011, Petitioner
18  filed a "Request of the Court to Comply with 28 U.S.C. 2243" (Doc. 20), which the
19  Magistrate Judge construes as a request for ruling.
20
21         Respondent filed a Return and Answer to Order to Show Cause why Petition for
22  Writ of Habeas Corpus Should Not be Granted ("Answer") (Doc. 9) with Attachment
    A and Exhibits 1 through 6 (Exhibit 4 has been ordered sealed) attached. (Doc. 9-1)
23  Respondent contests the Amended Petition, arguing Petitioner has failed to exhaust
24  administrative remedies.  Moreover, the claim is without merit as Petitioner's sentence
25  precedes the effective date of the Mandatory Victim Restitution Act of 1996
26  ("MVRA"), and thus Petitioner's reliance on post-MVRA authority is misplaced.
27         Pursuant to the Rules of Practice of this Court**,** this matter was referred to
28  Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5)

1    For the reasons discussed below, the Magistrate Judge recommends that the
2   District Court enter an order dismissing the Amended Petition for failure to exhaust
3   administrative remedies. Alternatively, the Magistrate Judge recommends that the
4   District Court enter an order denying the Amended Petition on the merits.

5   **I.    FACTUAL AND PROCEDURAL BACKGROUND**

6    Petitioner is federal prisoner currently incarcerated at the United States
7   Penitentiary in Tucson, Arizona. (Amended Petition, at 1; Answer, Attachment A, Ex.
8   1) Petitioner was convicted in the United States District Court for the Southern District
9   of Indiana of one count of conspiracy to commit armed bank robberies and possession
10  of firearms in commission of robberies, four counts of armed bank robbery, and four
11  counts of possession of a firearm during a crime of violence. (Answer, Ex. 3;
12  3:95CR00006) Petitioner was sentenced on February 29, 1996, and judgment was
13  entered on March 11, 1996. In addition to imposition of a sentence of imprisonment of
14  901 months, the judgment provided for payment of restitution in the amount of
15  $169,854.00 and a special assessment in the amount of $450.00. (*Id*.) The judgment
16  further provided that "[p]ayment of the total fine and other criminal monetary penalties
17  shall be due as follows: ...in full immediately." (*Id.*) "Special instructions regarding
18  the payment of criminal monetary penalties" included that they be "paid through the
19  Bureau of Prison's Inmate Financial Responsibility Program." (*Id.*)

20  **II.   DISCUSSION**

21    A.    <u>Jurisdiction</u>

22    A prisoner who wishes to challenge the manner, location, or conditions of a
23  sentence's execution must bring a petition pursuant to § 2241 in the custodial court.
24  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000). This Court has jurisdiction
25  over Petitioner's challenge to the District Court's delegation of restitution to the BOP
26  and the BOP's enrollment of Petitioner in the Inmate Financial Responsibility Program
27  ("IFRP"). *See*  28 U.S.C. §2241; *see also United States v. Lemoine*, 546 F.3d 1042 (9th
28  Cir. 2008).

1   The Amended Petition is also properly brought in this district. See *Brown v.*

2   *United States*, 610 F.2d 672,677 (9ᵗʰ Cir. 1980) (A petitioner filing a petition for writ

3   of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of

4   the petitioner's custodian).

5      B.   Exhaustion

6      There is no statutory requirement, pursuant to 28 U.S.C. § 2241, that federal

7   prisoners must exhaust administrative remedies before filing a habeas corpus petition

8   in court, thus it is not a jurisdictional prerequisite. *Brown v. Rison*, 895 F.2d 533, 535

9   (9th Cir.1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55

10  (1995). Nevertheless, federal courts "require as a prudential matter, that habeas

11  petitioners exhaust available judicial and administrative remedies before seeking relief

12  under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001), *abrogated*

13  *on other grounds Fernandez–Vargas v. Gonzales*, 548 U.S. 30, 36 (2006). Thus, while

14  "courts have discretion to waive the exhaustion requirement when prudentially required,

15  this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir.2004).

16  A court may waive the exhaustion requirement where administrative remedies are

17  inadequate, futile, or pursuit of them would cause irreparable harm. *Id.* at 1000-01;see

18  *also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993) (*per*

19  *curiam*) (waiving exhaustion where the initial request for an administrative remedy was

20  denied based on official BOP policy and further appeal would almost certainly have

21  been denied based upon the same policy.)

22     The BOP has established an administrative remedy process permitting an inmate

23  to seek review of an issue relating to "any aspect of his/her own confinement." 28

24  C.F.R. § 542.10(a). Under that process, an inmate must proceed through four levels: (1)

25  an attempt at informal resolution; (2) a formal written request to the warden for an

26  administrative remedy; (3) an appeal to the regional director of the region where the

27  inmate is confined; and (4) an appeal to the general counsel. 28 C.F.R. §§

28

1   542.13-542.15. The appeal to the general counsel completes the administrative remedy

2   process. 28 C.F.R. § 542.15(a).

3       Petitioner alleges that he has presented the issue to "Unit Mangers and case

4   workers." (Amended Petition, at 4) Respondent challenges Petitioner's allegations of

5   exhaustion, presenting evidence that Petitioner did not exhaust the claim. (Answer, at

6   4; Ex. 5, Administrative Remedy Index.) Petitioner argues that there is no

7   administrative remedy available in the BOP. (Supplemental Brief, at 1; Traverse, at 15,

8   at 2) Petitioner explains that he "went that way once," filed a grievance, and was put

9   into the yard gang at $5.25 for almost two years. (Traverse, at 15.)

10      The Magistrate Judge finds no support for either of Petitioner's arguments.

11  Petitioner has not sufficiently demonstrated that (1) he attempted to exhaust the issue,

12  or (2) that exhaustion would be futile. Respondent's exhibits demonstrate that Petitioner

13  is aware of the Administrative Remedy process and has used it for at least eight other

14  matters, however, Petitioner did not exhaust his administrative remedies regarding the

15  instant matter. (See Answer, Ex. 5, Administrative Remedy Index.) Neither has

16  Petitioner, aside from his own self-serving allegation, demonstrated that he previously

17  attempted to exhaust an IFRP claim, and that such attempts were futile due to the

18  application of an unchanging, official BOP policy. Additionally, the Court notes that

19  Petitioner submitted no evidence of the grievance he refers to that was rejected by the

20  BOP for this Court's consideration in determining whether exhaustion in this case

21  would be futile. Finally, there is no record of any attempt to exhaust this IFRP claim in

22  the Administrative Remedy Index. (See *Id.*)

23      Here, nothing suggests that the BOP has predetermined the issue that Petitioner

24  raises for the first time in his current petition. Indeed, unlike the prisoner's request in

25  *Fraley*, which was denied initially pursuant to an unchanging, official BOP policy,

26  there is no evidence that Petitioner's issue has ever been addressed at any level of the

27  BOP's administrative process. Further, allowing petitioner to bypass the exhaustion

28

1  requirement on those new issues would only encourage petitioner and other prisoners
2  to deliberately bypass the BOP's administrative remedy process.

3      Accordingly, Petitioner's claim should be dismissed without prejudice for failure
4  to exhaust administrative remedies.

5      C.    Merits

6      Alternatively, Petitioner's claim has no merit. Petitioner asserts in Ground One
7  of his Amended Petition that the "Bureau of Prisons does not have the authority to
8  extort money from [Petitioner's' accou[n]t without the amount and timing being set by
9  [t]he District Court of conviction." (Amended Petition, at 4)  Respondent contests the
10 Amended Petition, arguing that the claim is without merit as Petitioner's sentence
11 precedes the effective date of the Mandatory Victim Restitution Act of 1996 ("MVRA")
12 and Petitioner's reliance on post-MVRA authority is misplaced. (Answer, at 5-9)

13     The District Court ordered Petitioner to pay restitution in the amount of
14 $169,854.00, payable in full immediately, to be paid through the Bureau of Prison's
15 Inmate Financial Responsibility Program. (Answer, Ex. 3) The IFRP, codified at 28
16 C.F.R. § 545.10 *et seq.*, is a voluntary program in which inmates are encouraged to
17 meet financial obligations through the provision of incentives. The consequences of
18 declining to participate in the IFRP is the loss of those incentives. Petitioner asserts that
19 the Bureau of Prison's scheduling and collection of restitution payments violates the
20 Ninth Circuit Court of Appeals' decisions in *United States v. Gunning*, 401 F.3d 1145
21 (9th Cir. 2005), and the District Court of Oregon's decision in *United States v. Soroka*,
22 508 F.Supp.2d. 869 (D.Or. 2007).

23     Petitioner's claims have no merit, and the cases he cites do not provide support
24 for his assertions. Both petitioners in *Gunning* and *Soroka* were convicted after the
25 enactment of the Mandatory Victim Restitution Act of 1996. In *Gunning*, the Ninth
26 Circuit held, in reliance on 18 U.S.C. § 3664(f)(2), that the District Court is ultimately
27 responsible for determining a restitution payment schedule, and does not have the
28 authority to delegate that to the BOP. *Id*., at 1150. In *Soroka*, the petitioner filed a

habeas petition challenging the authority of the BOP to set a schedule of payments while he was incarcerated, relying on the authority of *Gunning*, *supra*. *Soroka*, 508 F.Supp.2d at 870. The district court found *Gunning* controlling and ordered the BOP to vacate its decision to place Soroka on "IFRP Refuse" status, to vacate all sanctions imposed against Soroka, and to restore Soroka to the position he would have been in "but for" BOP's decision to place him in "IFRP Refuse" status. *Id.*, at 870. Thereafter, the district court denied the government's motion to amend the judgment, looking to the MVRA for guidance and finding no cause under the MVRA to amend the judgment. *Id.*

The holding of these cases was an interpretation of a specific controlling statute – 18 U.S.C. § 3664. The section of the statute that the Ninth Circuit relied upon in finding this duty non-delegable is found in 18 U.S.C. § 3664 (f)(1)(1): "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) It goes on to say: "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...." *Id.* § 3664(f)(2). These provisions of the statute, enacted as the Mandatory Victim Restitution Act of 1996, became effective for sentencing proceedings in cases in which the defendant was convicted on or after on April 24, 1996, and thus do not apply to Petitioner, who was convicted before April 24, 1996. Pub.L. 104-132, Title II, § 211. Thus, Petitioner's reliance on these cases, and on the MVRA as it presently exists is misplaced.

Petitioner also argues in his traverse that "even under the old § 3664" only a district court can set the timing and amounts of restitution. There is, however, no support in the statutory language of the prior version of the statute for Petitioner's argument. The version of the statute in effect prior to the enactment of the MVRA placed no constrictions on the district court's delegation of authority in scheduling restitution payments. *See generally* 18 U.S.C. § 3664 (1995).

**III.    REQUEST OF THE COURT TO COMPLY WITH 28 U.S.C. § 2243**

To the extent that the Petitioner seeks an immediate ruling on the pending habeas, the Motion should be denied. The Magistrate Judge has issued a report and recommendation for consideration by the District Court, and the District Court will issue a ruling on the habeas in due course, after it has fully considered the documents filed by the parties, and within the time available to it in light of the District Court's other responsibilities.

**IV.    RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Amended Petition (Doc. 4) for failure to exhaust administrative remedies.

Alternatively, the Magistrate Judge recommends that the District Court enter an order DENYING the Amended Petition on the merits. (Doc. 4.)

The Court further recommends that the District Court DENY Petitioner's request to comply with 28 U.S.C. § 2243 (Doc. 20).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **No. CV-10-520-TUC-CKJ.**

The Clerk is DIRECTED to send a copy of this Report and Recommendation to the Petitioner and the Respondent.

DATED this 17th day of June, 2011.


_____
Bernardo P. Velasco
United States Magistrate Judge